**In re James E. STARNES and Catherine B. Starnes, Debtors.**

**Bankruptcy No. 83–00800G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 19, 1984.

Jack K. Miller, Philadelphia, Pa., for debtors, James E. Starnes and Catherine B. Starnes.

Stuart A. Eisenberg, Philadelphia, Pa., for secured creditor, General Motors Acceptance Corp.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue presented to us for resolution is whether we should grant the debtor's motion to compel an automobile finance company to turn over the certificate of title to an automobile when the finance company's security interest, which is represented by its retention of that title, has been transferred to an adequately funded escrow account. We hold that the certificate of title should be relinquished.

---

The facts of this case are as follows:[1] The debtors filed a petition for the adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code") on February 28, 1983. The chapter 13 plan which was filed with the petition provided in part that the debtors would pay $6,400.00 to General Motors Acceptance Corporation ("GMAC") since it held a secured interest in the debtors' 1981 automobile.[2] The security interest was maintained, in part, by GMAC's retention of title to the vehicle.

We entered an order confirming the plan but shortly thereafter the vehicle was significantly damaged in an automobile accident. The automobile is currently worth nothing more than its salvage value of $900.00, which will depreciate continually with the passage of time. The insurer of the car advanced a check in the amount of $5,900.00 to GMAC which is the loss payee on the insurance policy. The debtors currently owe GMAC several hundred dollars less than $5,900.00.

Following negotiations which culminated in the filing of a stipulation with us, GMAC deposited the insurance proceeds in an escrow account under the names of the parties' respective attorneys. The stipulation provided that at no time would the escrow account balance drop below the debtors' outstanding indebtedness to GMAC. It further stated that the debtors could withdraw funds from the escrow account which were in excess of the outstanding indebtedness, which excess would rise as the debtors tendered their monthly payments under the chapter 13 plan. Lastly, the stipulation provided that if the debtors defaulted under the plan, GMAC could then claim from the escrow fund the amount of the outstanding debt on the automobile. The dispute at bench arises notwithstanding the stipulation since the debtors have moved for an order to compel GMAC to surrender to them the title to the vehicle so they may sell the automobile for its salvage value.

GMAC apparently wishes to do nothing with the vehicle but merely retain title until its indebtedness under the plan is satisfied, which may not occur for several years. Meanwhile, the debtors wish to sell the vehicle for scrap immediately since its salvage value will continue to decline. The automobile is property of the estate and the escrow fund adequately protects GMAC's secured claim. Although GMAC now opposes surrender of the title, the terms of the stipulation evince its intent to look solely to the escrow fund for security and from this we deduce its intent to release its security interest in the car. In order to effectuate the parties' intent as embodied in the stipulation, we will order GMAC to surrender the title of the vehicle to the debtors.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** The vehicle identification number is 1G3AR4746BG417245.